IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

WILLIAM WEAVER                                                                                        PLAINTIFF

v.                                          NO.  3:07cv00016 JWC

MICHAEL J. ASTRUE,
Commissioner, Social
Security Administration                                                                          DEFENDANT

## ORDER

Plaintiff has filed a motion for attorney's fees and expenses pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412 (doc. 16).  Plaintiff seeks an EAJA award for 22.25 hours of work done by his attorney at the district court level at an hourly rate of $125.00, for an award of $2,781.25.  Additionally, he seeks reimbursement of expenses in the amount of $102.56.

Under the EAJA, a prevailing social security claimant is entitled to an award of reasonable attorney's fees and expenses unless the Commissioner's position in denying benefits was "substantially justified" or special circumstances make an award unjust.  28 U.S.C. § 2412(d)(1)(A).  A claimant who wins a sentence-four remand order, such as the one entered in this case (doc. 14, 15), is a prevailing party entitled to EAJA fees.  *Shalala v. Schaefer*, 509 U.S. 292, 302 (1993).

The Commissioner does not contest Plaintiff's entitlement to an award of reasonable attorney's fees and expenses under the EAJA, nor does he object to the amount requested (doc. 19).  However, in examining the reasonableness of the itemized hours (attached to doc. 17), the Court has determined that a number of counsel's entries should be reduced.

First, an attorney is not entitled to compensation under the EAJA for work which could have been done by support staff.  *Granville House, Inc. v. Department of HEW*, 813 F.2d 881, 884 (8th Cir. 1987); *see Philipp v. ANR Freight System, Inc.*, 61 F.3d 669, 675 (8th Cir. 1995) (disallowing attorney time for performance of clerical duties).  Purely clerical or secretarial tasks should not be billed at even a paralegal rate, regardless of who

performs them. *Missouri v. Jenkins*, 491 U.S. 274, 289 n.10 (1989). Although some attorney time is justified for reviewing and instructing as to procedure, the time allowed for the following entries will be reduced as the entries are primarily for clerical tasks which do not call for any legal expertise or the highly skilled services of an attorney, *i.e.*, preparing status or transmittal letters to the claimant, and reviewing notices of standard electronically filed motions or orders. Additionally, the Court will disallow some of the following time requested by counsel (2.5 hours) for work in connection with two motions for extension of time to file his brief. His motions were virtually identical and stated, in two paragraphs, that he was unable to prepare his brief timely due to a "massive increase" in the number of Social Security cases (doc. 8, 10).

| Date | Description | Time Requested | Time Allowed |
|---|---|---|---|
| 2/6/07 | Sent claimant letter corresponding with Appeals Council Action. | .50 | .25 |
| 2/13/07 | Received notice of electronic filing via e-mail for client's motion for leave to proceed in forma pauperis by William Weaver. | .25 | .10 |
| 2/13/07 | Received notice of electronic filing, via e-mail, client's complaint against Social Security Administration filed by William Weaver. | .25 | .10 |
| 2/25/07 | Received and reviewed letters back from U.S. District Court with case management order, magistrate judge assignment. | .50 | .25 |
| 3/15/07 | Notice of electronic filing via e-mail for consent to jurisdiction by U.S. Magistrate Judge. | .25 | .10 |
| 6/25/07 | Prepare petition for extension of time, letter to clerk, letter to client. | 1.00 | .50 |
| 6/25/07 | Notice of electronic filing via e-mail for 1st motion for extension of time to file. | .25 | .10 |
| 6/25/07 | Notice of electronic filing via e-mail for order granting 1st motion for extension of time to file Plaintiff's Social Security brief. | .25 | .10 |

| 7/23/07 | Prepared 2nd Petition for extension of time. | 1.00 | .50 |
| 7/24/07 | Sent letter and copy of brief to client. | .25 | .10 |
| 7/24/07 | Notice of electronic filing via e-mail for Defendant brief due 9/7/07. | .25 | .10 |

Next, counsel seeks ten hours of time for preparing Plaintiff's brief in this case (4.0 hours on 6/1/07; 3.0 hours on 6/25/07; 3.0 hours on 7/24/07). Plaintiff's brief presented three broad generic legal arguments,[1] with little case-specific development. As pointed out in the Court's memorandum opinion, Plaintiff made a "bare bones assertion" that he did not have an impairment or combination of impairments equal to a listing but did not indicate what listing he contended his impairments equaled, did not point to any supporting medical evidence, did not cite to the record, and did not cite any case or regulation. The Court held that he had thus waived any argument regarding the listing. Plaintiff prevailed on the ground that the ALJ failed to discuss the significance of certain nonexertional impairments on his ability to perform a full range of work activities. However, counsel stumbled into this argument, merely asserting that Plaintiff suffered from significant nonexertional limitations which the ALJ never evaluated, without articulating which ones, requiring the Court to glean the information from the record (doc. 14, at 3-5). Under these circumstances, counsel's brief did little more than point the Court in the direction of a potentially meritorious claim. Therefore, the time requested by counsel for preparing the brief will be reduced by one-fourth, allowing 7.5 hours instead of 10.0.

Therefore, counsel will be allowed compensation for 17.2 hours, instead of 22.25 as requested. The compensation will be at the requested hourly rate of $125.00, which is the maximum hourly rate allowed by the EAJA statute, for an award of $2,150.00. *See* 28 U.S.C. § 2412(d)(2)(A).

---

[1]The ALJ's decision was not supported by substantial evidence, the ALJ erred in assessing Plaintiff's chronic pain and in discrediting Plaintiff, and the ALJ erred in failing to obtain a vocational expert's opinion (doc. 11, at 2).

Plaintiff's counsel also seeks reimbursement of $102.56 in expenses, including 341 copies at twenty-five cents each ($85.25). The docket sheet shows that, except for the three-page complaint and motion to proceed *in forma pauperis*, every filing by Plaintiff was made electronically and that service, again except for the complaint and associated documents, was made electronically upon the United States Attorney. The amount of copies thus appears excessive and will be disallowed in part. The Court will instead allow $25.00 for copying expenses, along with $17.31 in postage, for a total of $42.31.

Accordingly, it is hereby ORDERED

(1)   That Plaintiff's motion for attorney's fees and other expenses pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412 (doc. 16) is granted in part and denied in part;

(2)   That Plaintiff's attorney is entitled to an attorney's fee in the amount of $2,150.00, along with expenses of $42.31, for a total award of $2,192.31, all pursuant to the EAJA; and

(3)   That the Commissioner is directed to certify and pay to David J. Throesch, attorney for Plaintiff, the amount awarded pursuant to the EAJA.[2]

IT IS SO ORDERED this 17th day of April, 2008.

_____
UNITED STATES MAGISTRATE JUDGE

---

[2] The Commissioner asserts that EAJA awards should be made payable to the claimant instead of his attorney but that, in light of a pending case on this issue before the Eighth Circuit Court of Appeals, he does not oppose payment of this award to counsel. *See Ratliff v. Astrue*, No 07-2317 (8th Cir.) (argued Feb. 15, 2008).